[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12425
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cr-10024-JEM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVAUS L. MCCOWN,

Defendant - Appellant.

_____

No. 18-12495
Non-Argument Calendar
_____

D.C. Docket No.  1:10-cr-20628-DLG-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVAUS LEANARD MCCOWN,

                                             Defendant - Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(February 25, 2019)

Before WILLIAM PRYOR, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Davaus McCown appeals his 2017 convictions

for drug trafficking and firearm offenses, in violation of 21 U.S.C. §§ 841(a)(1),

922(g)(1), and 924(c)(1)(A)(i).  McCown also appeals the district court's

revocation of his supervised release in an unrelated 2010 case.  No reversible error

has been shown; we affirm.

2

I.

McCown challenges the district court's denial of his motion to suppress evidence -- including physical evidence and inculpatory statements -- obtained during a 3 August 2017 search of McCown's apartment.  McCown contends that the information in the search warrant affidavit failed to establish probable cause that evidence of criminal activity would be found in his apartment.  McCown also contends that the information in the search warrant affidavit was stale when the warrant issued.

We review a district court's denial of a motion to suppress evidence as a mixed question of law and fact; we review fact findings for clear error and the application of law to the facts de novo.  United States v. Jiminez, 224 F.3d 1243, 1247 (11th Cir. 2000).  We construe all facts "in the light most favorable to the prevailing party below."  United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000).

"Probable cause to support a search warrant exists when the totality of the circumstances allows the conclusion that there is a fair probability that contraband or evidence of a crime will be found in a particular place."  United States v.

3

Kapordelis, 569 F.3d 1291, 1310 (11th Cir. 2009) (quotations omitted).  A search warrant affidavit need not allege that unlawful activity occurred at the place to be searched; the affidavit need only establish a nexus between the place and the criminal activity.  Id.; United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002).

"[T]he duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed."  Illinois v. Gates, 462 U.S. 213, 238-39 (1983) (quotation and alteration omitted).  We afford "great deference" to the lower court judge's determination about probable cause.  United States v. Gonzalez, 940 F.2d 1413, 1419 (11th Cir. 1991).  We also "give due weight to inferences drawn from [the factual findings] by resident judges and local law enforcement officers."  Jimenez, 224 F.3d at 1248.

The search warrant affidavit in this case alleged these facts.  Using a confidential informant ("CI"), officers conducted two controlled drug buys from McCown on 10 July and 14 July 2017.  On 10 July, officers saw McCown leave his apartment immediately before meeting with the CI.  The CI gave McCown $50 in exchange for a baggy containing crack cocaine.  McCown then returned directly to his apartment.  On 14 July, McCown met again with the CI "in the vicinity of

4

his apartment" and gave the CI a baggy containing crack cocaine in exchange for $50.

This information -- viewed in the light most favorable to the government -- was sufficient to establish a fair probability that contraband or evidence of drug trafficking would be found inside McCown's apartment. The affidavit established that McCown left his apartment with drugs on his person, sold those drugs at a location near his apartment, and returned to his apartment with the proceeds from the sale of the drugs. That the affidavit established a connection between McCown's apartment and the criminal activity is enough. See Kapordelis, 569 F.3d at 1310. The affidavit need not establish that unlawful activity itself occurred inside McCown's apartment. See id. About staleness, "the information supporting the government's application for a warrant must show that probable cause exists at the time the warrant issues." United States v. Lopez, 649 F.3d 1222, 1246 (11th Cir. 2011) (quotations omitted). No "arbitrary time limitation" exists for purposes of determining whether supporting information is "stale." United States v. Harris, 20 F.3d 445, 450 (11th Cir. 1994). Instead, we consider the particular facts of each case, including (1) the amount of time that elapsed between the date the information was obtained and the date the warrant issued, (2) whether the suspected crime is ongoing, (3) the "habits of the accused," (4) the "character of

5

the items sought," and (5) the "nature and function of the premises to be searched." Id.

Here, the information alleged in the affidavit was sufficient to show that McCown was engaged in an ongoing pattern of selling drugs within close proximity to his apartment. The allegations also support a conclusion that the items sought by the search warrant -- drugs and evidence of drug-trafficking activity -- would likely be found in McCown's apartment. Based on the circumstances of this case, we are unpersuaded that the 18-day period between the second controlled drug buy and the filing of the search warrant application rendered the information in the affidavit impermissibly stale for purposes of applying for a search warrant. Cf. United States v. Green, 40 F.3d 1167, 1173 (11th Cir. 1994) (concluding that information about a drug sale one month before officers applied for a search warrant was not stale); United States v. Domme, 753 F.2d 950, 955 (11th Cir. 1985) ("When criminal activity is protracted and continuous, it is more likely that the passage of time will not dissipate probable cause.").

The district court committed no error in denying McCown's motion to suppress; we affirm McCown's convictions.[1]

## II.

McCown also challenges the revocation of his supervised release in his 2010 case. McCown says that his 2017 judgment of conviction served as the sole basis for the district court's determination that he violated the terms of his supervised release in the 2010 case.[2] McCown contends that -- because his 2017 judgment should be vacated (based on suppression error) -- no factual basis exists to establish a violation of his supervised release and, thus, the revocation of his supervised release in the 2010 case must be vacated.

We have concluded, however, that the district court committed no error in denying McCown's motion to suppress. We affirm McCown's 2017 convictions; the 2017 judgment relied upon during McCown's revocation proceedings remains

---

[1] Because we conclude that the search warrant affidavit established sufficiently probable cause, we need not address the district court's alternative ruling based on the "good-faith" exception to the exclusionary rule.

[2] McCown raises no challenge to the sufficiency of the 2017 judgment as evidence that he violated the terms of his supervised release.

valid.  Accordingly, we affirm the district court's revocation of McCown's supervised release in the 2010 case.

AFFIRMED.